UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARY FAIRLEY, Personal Representative** | * | **CIVIL ACTION** |
| **of the late Ronnie Lee Fairley,** | * | |
| | * | **NO.** |
| **versus** | * | |
| | * | **SECTION:** |
| **ART CATERING, INC. and** | * | |
| **VANTAGE DEEPWATER DRILLING, INC.** | * | **MAGISTRATE:** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Mary Fairley, who avers as follows:

**I. PARTIES**

**1.**   Mary Fairley ("Plaintiff"), a person of the full age of majority and resident citizen of the State of Louisiana, is the widow of the late Ronnie Lee Fairley and appears as his Personal Representative.

**2.**   Named as parties Defendant are:

   A.   Art Catering, Inc. ("ACI" or "Defendant"), a Louisiana corporation which at all times material was licensed to do business in Louisiana; and

   B.   Vantage Deepwater Drilling, Inc. ("Vantage"), a Delaware corporation having its principal business office in Houston, Texas, and which at all times material was licensed to do business in Louisiana.

**II. JURISDICTION**

**3.**   Jurisdiction is vested in this Honorable Court pursuant to:

   A.   28 U.S.C. § 1331, more commonly known as "federal question jurisdiction" because

1

Plaintiff asserts claims against ACI and Vantage pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq.*;

B. 28 U.S.C. § 1333, more commonly known as "admiralty and maritime jurisdiction" because Plaintiff asserts claims for unseaworthiness and an alternative claim for negligence against Vantage pursuant to the General Maritime Law.

### III.  VENUE

4. Venue is conferred by 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, or on adjacent waters.

### IV.  FACTS

5. On August 2, 2007, in Webster Parish, Mary Fairley became the lawfully wedded spouse of the late Ronnie Lee Fairley.

6. Ronnie Lee Fairley died on August 22, 2015, at Minden, Louisiana.

7. At all times material, ACI was Ronnie Lee Fairley's Jones Act employer. It employed him as a laundry worker and assigned him as a crew member aboard the D/S Titanium Explorer.

8. At all times material, Vantage was Ronnie Lee Fairley's Jones Act "borrowing employer" because it exercised substantial control and supervision over him.

9. At all times material, Vantage was the owner and/or operator of the D/S Titanium Explorer, a vessel in navigation and commerce upon the waters of the State of Louisiana and of the United States.

10. During July and August of 2015, while in the course and scope of his employment as a crew member aboard D/S Titanium Explorer, Ronnie Lee Fairley began gravely ill.

11. ACI was aware of this illness, and placed Ronnie Lee Fairley in a "no work" status aboard

the vessel.

12. Vantage knew and/or became aware of Ronnie Lee Fairley's illness but failed to provide appropriate medical care and/or failed to monitor his medical status.

13. Despite his deteriorating condition, Defendants required Ronnie Lee Fairley to remain aboard M/V Titanium Explorer for the duration of his twenty-eight (28) day "on duty" work schedule.

14. During this time period, Ronnie Lee Fairley's medical condition worsened as an acute infection manifested in his leg.

15. When Defendants finally transported Ronnie Lee Fairley ashore, he was in dire need of immediate emergency medical care.

16. Ronnie Lee Fairley was rushed to Minden Medical Center, because the infection led to gangrene-related sepsis and the amputation of his right foot.

17. Ronnie Lee Fairley's septic condition caused acute respiratory failure and a myocardial infarction that led to his death on August 22, 2015.

## V.  JONES ACT CLAIM

18. At all times material, ACI was Ronnie Lee Fairley's Jones Act employer. It employed him as a laundry worker, and it assigned him as a crew member aboard the D/S Titanium Explorer.

19. At all times material, Vantage owned and operated the D/S Titanium Explorer.

20. At all times material, Vantage was also Ronnie Lee Fairley's Jones Act "borrowing employer" because it exercised substantial control and supervision over him.

21. At the time of his illness, Ronnie Lee Fairley was acting in the course and scope of his employment as a member of the crew of D/S Titanium Explorer, a vessel in navigation.

22. Defendants' negligence consisted of one or more of the following:

    A.    Failing to monitor Ronnie Lee Fairley's health, which allowed him to grow gravely ill while aboard D/S Titanium Explorer;

    B.    Failing to provide proper medical care to Ronnie Lee Fairley, which allowed him to grow gravely ill while aboard D/S Titanium Explorer;

    C.    Failing to notice that Ronnie Lee Fairley's medical condition was worsening and had become critically while he was aboard D/S Titanium Explorer;

    D.    Failing to timely evacuate Ronnie Lee Fairley before he became critically; and

    E.    Such other acts of negligence as may be revealed during discovery or proven at trial.

23.    Defendants' negligence was a proximate cause of Ronnie Lee Fairley's wrongful death.

### VI.  UNSEAWORTHINESS CLAIM

24.    The following conditions existed aboard D/S Titanium Explorer when Ronnie Lee Fairley became critically ill:

    A.    Inadequate medical care facilities;

    B.    A crew inadequately trained to manage crew members' medical care;

    C.    A crew inadequately trained to diagnose and treat medical conditions;

    D.    A crew inadequately trained to recognize when sick crew members required immediate emergency medical evacuation; and

    E.    Such other conditions which rendered D/S Titanium Explorer unfit as may be revealed during discovery or proven at trial.

25.    The foregoing conditions rendered D/S Titanium Explorer unseaworthy.

26.    The unseaworthiness of D/S Titanium Explorer was a proximate cause of Ronnie Lee Fairley's wrongful death.

## VII. GENERAL MARITIME LAW NEGLIGENCE CLAIM

27. In the alternative, should it be adjudged that Vantage was not Ronnie Lee Fairley's Jones Act "borrowing employer," then the following acts or omissions by Vantage constitute general maritime law negligence:

    A. Failing to monitor Ronnie Lee Fairley's health while he was aboard D/S Titanium Explorer;

    B. Failing to provide proper medical care to Ronnie Lee Fairley while he was aboard D/S Titanium Explorer;

    C. Failing to notice that Ronnie Lee Fairley had become critically ill while he was aboard D/S Titanium Explorer;

    D. Failing to timely evacuate Ronnie Lee Fairley when it became apparent that he was critically ill and needed emergency medical care; and

    E. Such other acts of negligence as may be revealed during discovery or proven at trial.

28. Vantage's general maritime law negligence was a proximate cause of Ronnie Lee Fairley's wrongful death.

## VIII. DAMAGES.

29. As a direct result of Defendants' negligent acts and/or omissions, and the unseaworthiness of D/S Titanium Explorer, Ronnie Lee Fairley suffered damages as follows:

    **A.** Pre-death physical pain and suffering;

    **B.** Pre-death mental anguish and suffering; and

    **C.** Wrongful death.

## IX. LIABILITY.

30. For reason of the acts of fault, want of care, and negligence on the part of Defendants, which

were direct and proximate causes of Ronnie Lee Fairley's pre-death suffering and subsequent wrongful death, Defendants are liable jointly, severally, and *in solido* to in money damages reasonable under these premises.

**31.** For reason of the unseaworthiness of D/S Titanium Explorer, which was also a direct and proximate cause of Ronnie Lee Fairley's pre-death suffering and subsequent wrongful death, Vantage is liable to Plaintiff in money damages reasonable under these premises.

### IX.  REQUEST FOR TRIAL BY JURY:

**32.** Pursuant to Fed. R. Civ. P. 38, and the provisions of 46 U.S.C. § 30104, *et seq.*, Plaintiff requests trial by jury on all claims and issues triable to a jury.

### X.  PRAYER FOR RELIEF:

**33.** **WHEREFORE**, Plaintiff, Mary Fairley, as Personal Representative of the late Ronnie Lee Fairley, prays that Art Catering, Inc., and Vantage Deepwater Drilling, Inc. be served with Summons and copy of this Complaint for Damages, that they serve their answers thereto, that after due proceedings had and the expiration of all legal delays there be a final judgment entered holding them liable unto Plaintiff in money damages reasonable under these premises, that there also be an award of legal interest from date of judicial demand until all money awarded in judgment is fully paid, that there also be an award of all costs allowed by law, that there be trial by jury, and that the Court grant such other and further relief as the interests of justice may require.

Respectfully submitted,

*/s/ Frank E. Lamothe, III*
FRANK E. LAMOTHE, III, T.A., La. Bar # 07495
RICHARD M. MARTIN, JR., La. Bar #08998
**LAMOTHE LAW FIRM, LLC**

400 Poydras Street, Suite 1760
New Orleans, LA 70130
Telephone: (504) 704-1414
Facsimile: (985) 249-6006
E-Mail: felamothe@lamothefirm.com
rmartin@lamothefirm.com

*Attorneys for Plaintiff, Mary Fairley*