UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY FAIRLEY                                              CIVIL ACTION

VERSUS                                                    NO. 16-3488

ART CATERING, INC., ET AL.                                SECTION A(4)

### ORDER AND REASONS

The following motion is before the Court: **Motion for Partial Summary Judgment (Rec. Doc. 24)** filed by plaintiff Mary Fairley. Defendant ART Catering, Inc. opposes the motion. The motion is before the Court on the briefs without oral argument.[1]

The late Mr. Ronnie Fairley was a Jones Act seaman employed by defendant ART Catering, Inc. in July and August 2015. Fairley was assigned to duties aboard the D/S TITANIUM EXPLORER.[2] Fairley's last day on the vessel was August 7, 2015. On the night of August 7-8, 2015, Fairley presented at the emergency room with irregular heartbeat and labored breathing. He was diagnosed with right foot gangrene, cellulitis of the foot, and sepsis. From August 8, 2015 through August 22, 2015, the date of his death, Fairley's condition was grave and he remained hospitalized. Fairley's medical bills totaled nearly $300,000. The sole issue presented by Plaintiff's motion for partial summary judgment is whether ART is obligated to pay cure for the August 8-22, 2015 hospitalization.

---

[1] The motion was originally scheduled for submission on June 14, 2017 but both parties were granted leave to file supplemental memoranda, the last of which was filed on July 17, 2017.

[2] Plaintiff Mary Fairley was Ronnie Fairley's spouse and is the personal representative of his estate. Ms. Fairley testified that Ronnie Fairley was employed by ART Catering for 11-12 years. Although the issue of seaman status was raised as part of Plaintiff's motion for partial summary judgment, ART Catering does not contest seaman status. This aspect of Plaintiff's motion will be granted.

16-cv-3488 *Fairley v. ART Catering, Inc., et al.*
Plaintiff's MPSJ no. 24
Page 1 of 3

According to Plaintiff, Fairley was in the course and scope of his employment aboard the vessel when he fell ill. Plaintiff points out that Fairley was already suffering from a serious infection and gangrene when he presented at the emergency room *on the same day that he departed the vessel*. Given the advanced stage of the infection when Fairley was first hospitalized, Plaintiff contends that ART has no legitimate basis to contest that he fell ill while "in the service of the vessel."

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Plaintiff's motion is DENIED as to the cure obligation. As ART Catering has emphasized in its memoranda, Plaintiff did not plead a claim for cure. In fact, medical expenses are not an

16-cv-3488 *Fairley v. ART Catering, Inc., et al.*
Plaintiff's MPSJ no. 24
Page 2 of 3

element of damages prayed for in the complaint.[3] Plaintiff cannot obtain summary judgment on a claim that is not pending. And while the Court agrees with Plaintiff's contention that many of the issues that ART Catering makes in its opposition are irrelevant (or at least merely dilatory) to the question of whether cure would be owed, the Court is persuaded that Plaintiff's motion is premature nonetheless.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 24)** filed by plaintiff Mary Fairley is **GRANTED IN PART AND DENIED IN PART** as explained above.

July 25, 2017

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[3] ART Catering advises that all of Fairley's medical expenses were paid by his medical insurer and the insurer has not intervened to date. ART Catering also advises that it has paid maintenance under protest.

16-cv-3488 *Fairley v. ART Catering, Inc., et al.*
Plaintiff's MPSJ no. 24
Page 3 of 3