# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY FAIRLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-3488** |
| **ART CATERING, INC, ET AL** | **SECTION: "A" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion for Protective Order Quashing Deposition (R. Doc. 47) Motion to Compel Production (R. Doc. 54)** filed by the Plaintiff Mary Fairley seeking an order of the court quashing the discovery deposition noticed by the Defendant ART Catering, Inc. of Dense Battle. The motion is opposed. R. Doc. 60. The motion was submitted on August 9, 2017 and heard with argument that same day.

## I.     Background

The instant action was filed in the District Court on April 20, 2016, asserting claims under the Jones Act and general maritime law. R. Doc. 1. The Plaintiff alleges that during July and August of 2015 her husband, Ronnie Lee Fairley, was employed by Defendant ART Catering, Inc. ("ART") working as a laundry worker aboard the D/S Titanium Explorer, owned by Defendant Vantage Deepwater Drilling, Inc. ("Vantage") *Id.* at p. 2. During that time, the Plaintiff alleges that her husband became gravely ill and ART placed him on "no work" status. *Id.* She further alleges that Vantage failed to provide appropriate medical care. *Id.* at p. 3. Her husband's medical condition allegedly worsened into an acute infection in his leg while he was forced to remain aboard the Titanium Explorer for the duration of his twenty-eight (28) day schedule. *Id.* When he finally was transported ashore, the Plaintiff's husband was rushed to the Minden Medical Center. The infection allegedly had led to gangrene-related sepsis and the amputation of his right foot. *Id.* He died on August 22, 2015 allegedly because his septic condition caused acute respiratory failure

and a myocardial infarction. *Id.* As such, the Plaintiff has filed claims under the Jones Act and General Maritime Law seeking damages as a result of the Defendants' negligence.

At this time, the Plaintiff has filed a Motion for Protective Order Quashing Deposition seeking that ART's noticed discovery deposition of Denise Battle be quashed. R. Doc. 47. While the Court has suspended the deposition of Battle at this time, the Plaintiff's motion essentially seeks to quash ART's later noticed discovery deposition prior to the Plaintiff's "for all purposes" deposition, including the perpetuation of the testimony for trial as Battle is beyond the Court's subpoena power. R. Doc. 47-2, p. 1.

The Plaintiff has also filed a motion to compel seeking an order compelling ART to produce a copy of its insurance policy as well as a copy of any statement taken of Denise Battle. R. Doc. 54. The Plaintiff states that ART has not produce a copy of its insurance policy despite being required to produce its insurance policy under initial disclosures and a request for the policy in discovery. R. Doc. 54-2, p. 1-2. Similarly, the Plaintiff argues that it has recently learned that ART has a recorded statement of Battle. The Plaintiff had previously requested a copy of witness statements obtained in connection with the incident. *Id.* at p. 2. The Plaintiff argues that ART has not produce the statement despite acknowledging that it had a copy of it.

ART opposes both motions. R. Doc. 60. ART essentially argues that it should be allowed to depose Battle prior to her trial deposition to avoid a trial ambush. *Id.* at p. 8. ART also argues that the Plaintiff lacks standing to challenge the subpoenaed deposition. As to the discovery at issue, ART argues that they have provided the insurance policy at this time. R. Doc. 60-8. ART further argues that the only statement taken of Battle was by a claims adjuster at the direction of Counsel, who received that statement on July 25, 2017 and noted such on a privilege log provided to the Plaintiff on August 3, 3017. R. Doc. 60-7.

**II.     Standard of Review**

    **A.     Motion for Protective Order**

Rule 26(c) governs the issuances of Protective Orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of potential options that the Court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only a certain way. Fed. R. Civ. P. 26(c)(1)(D), (G). "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact[.]'" *Cazaubon v. MR Precious Metals, LLC*, 14-2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998)). The trial court enjoys wide discretion in setting the parameters of a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."). Finally, Rule 26(c)(1) requires a certification that the moving party has conferred or attempted to confer in good faith with the other affected party to attempt to resolve the issue without the court's interference.

    **B.     Motion to Compel**

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

### III. <u>Analysis</u>

First, the Plaintiff has filed a motion seeking to quash ART's noticed discovery deposition of Denise Battle be quashed. R. Doc. 47. While the Court has suspended the deposition of Battle at this time, the Plaintiff's motion essentially seeks to quash ART's later noticed discovery deposition prior to the Plaintiff's "for all purposes" deposition, including the perpetuation of the testimony for trial as Battle is beyond the Court's subpoena power. R. Doc. 47-2, p. 1. The Plaintiff argues that is should not be forced to go through Battle's deposition twice. In turn, ART argues that it should be allowed to depose Battle prior to her trial deposition to avoid a trial ambush. 60 at p. 8. ART avers that the discovery deposition will not take a long time.

Federal Rule of Civil Procedure 26(d)(3) provides that discovery may be pursued in any sequence and that discovery by one party does not require delaying discovery by any other party.

4

As such, there is no rule stating that either the Plaintiff or ART is entitled to pursue discovery prior to the other. However, the Court may issue a protective order to protect against "undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court similarly may limit duplicative discovery. Fed. R. Civ. P. 26(b)(2)(C). As such, there is no reason why ART should be entitled to a separate, prior "discovery deposition." Indeed, even if such a deposition were to go forward, the Court is unsure what would stop such a deposition from being used in trial given that Battle appears to be beyond the subpoena power of this court. Fed. R. Civ. P. 32(a)(4). As such, there is no reason for the Court to allow multiple depositions. Finding that the Plaintiff has demonstrated good cause given that the extra deposition would be an undue burden, the Court grants the motion.

Second, The Plaintiff has also filed a motion to compel seeking an order compelling ART to produce a copy of its insurance policy as well as a copy of any statement taken of Denise Battle. R. Doc. 54. At this time, ART argues that they have provided the insurance policy at this time. R. Doc. 60-8. As such, the motion is denied as moot to this extent.

As to Battle's recorded statement, ART argues that the only statement taken of Battle was by a claims adjuster at the direction of Counsel, who received that statement on July 25, 2017 and noted such on a privilege log provided to the Plaintiff on August 3, 3017. R. Doc. 60-7.

In a typical situation, the Court would likely find the statement sought to be privileged. "The work-product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure…[and] protects from discovery documents and other tangible things prepared by a party or representative of a party, including attorneys, consultants, agents, or investigators, in anticipation of litigation." *Fieldwood Energy, LLC v. Diamond Servs. Corp.*, No. 14-650, 2015 WL 1415501, at *2 (E.D. La. Mar. 27, 2015) (citing *Conoco v. Boh Bros. Constr. Co.,* 191 F.R.D. 107, 117–18 (W.D.La.1998)).

However, the Court finds the instant situation to be anything but typical given the seeming deceptiveness employed by ART's counsel. The Plaintiff originally requested in January of 2017 a copy of all witness statements obtained by ART. R. Doc. 54-2, p. 2; R. Doc. 54-5, p. 2. ART responded that, subject to objections that the request sought statements that were privileged, that there were "none." R. Doc. 54-5, p. 2. Yet, according to ART's own privilege log, a recorded statement was taken of Matthew Jeffers on October 27, 2015. R. Doc. 60-7, p. 1. While ART's counsel may attempt to split hairs by stating that *he* had no possession of the recorded statement until June 7, 2017, the recorded statement was certainly within ART's "control" given that the statement was taken by a claims adjuster at the alleged direction of ART's counsel. *See* Fed. R. Civ. P. 34(a)(1). Therefore, the Court finds ART's response to not only be contrary to Rule 34's requirement that an objection "state whether any responsive materials are being withheld on the basis of that objection" but also deceptive in that a recorded statement *was* taken and in existence at the time.

Moreover, the privilege log identifying six other statements—including the statement at issue—was only produced following the discovery of Battle's statement by Plaintiff's counsel and the ensuing demand for its production and the resulting instant motion to compel. The Court questions whether counsel would have furnished these statements or complied with its duty to supplement under Federal Rule of Civil Procedure 26(e) but for the Plaintiff's discovery. This concern is bolstered by the fact that when the question was presented regarding why he had not supplemented the responses, counsel suggested that he had been too busy to do so. The Court cannot and will not condone conduct that borders on deceit given, as ART acknowledges, the Fifth's Circuit aversion to trial by ambush. *See Ragan v. Gulf Oil Corp.*, No. 85-5841, 1986 WL 11763, at *1 (E.D. La. 1986) ("This result leads to 'trial by ambush', an evil which the discovery

rules were expressly intended to eliminate. Fundamental fairness and the spirit and intent of the federal discovery rules simply cannot and should not lead to such a regressive result."). Therefore, the Court finds that ART's counsel has waived the work product privilege. As the Court ordered during oral argument, the recorded statements should be furnished to the Plaintiff immediately following the deposition of the individuals who provided the statements.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Protective Order Quashing Deposition (R. Doc. 47)** is **GRANTED.**

**IT IS FURTHER ORDERED** that ART Catering, Inc. may not take a "discovery" deposition of Denise Battle prior to the Plaintiff's notice deposition.

**IT IS FURTHER ORDERED** that the Plaintiff's **Motion to Compel (R. Doc. 54)** is **GRANTED IN PART** and **DENIED AS MOOT IN PART.**

**IT IS FURTHER ORDERED** that the Plaintiff's motion is **GRANTED** to the extent that the recorded statements should be furnished to the Plaintiff immediately following the deposition of the individuals who provided the statements.

**IT IS FURTHER ORDERED** that the Plaintiff's motion is **DENIED AS MOOT** to the extent that the motion seeks to compel the Defendant's insurance policy.

New Orleans, Louisiana, this 10th day of August 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**