UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY FAIRLEY, Personal Representative of the late Ronnie Lee Fairley** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-3488** |
| **ART CATERING, INC. and VANTAGE DEEPWATER DRILLING, INC.** | **SECTION: "A" (4)** |

## ORDER

Before the Court is a **Motion to Amend (R. Doc. 42)** filed by the Plaintiff seeking leave from the Court to file her first amended complaint. The motion is opposed. R. Doc. 63. The motion was submitted on August 23, 2017.

### I.  Background

Plaintiff, Mary Fairley, the widow of Ronnie Fairley, filed this Jones Act and General Maritime claim arising out of the death of her husband who worked for the Defendant, ART Catering, Inc. ("ART"), as a laundry worker aboard the D/S Titanium Explorer. R. Doc. 1. While working aboard the D/S Titanium Explorer, Mr. Fairley became ill and was placed on a "no work" status; however, Mr. Fairley remained on board the vessel for the full twenty-eight day hitch. *Id.* at p. 3. During the hitch, Mr. Fairley's medical condition declined and an acute infection manifested in his leg, requiring emergency assistance. *Id.* Mr. Fairley was rushed to Minden Medical Center where he was diagnosed with gangrene-related sepsis, which resulted in the amputation of his right foot, acute respiratory failure, and myocardial infarction, leading to his death on August 22, 2015. *Id.*

Plaintiff filed the subject motion, seeking to add ART's liability insurer as a direct action defendant and a general maritime law claim for "cure." R. Doc. 42. Although untimely, Plaintiff

contends that good cause exists for the late amendment because (1) she learned of the identity of ART's insurer on July 18, 2017, and (2) ART has a legal obligation under the general maritime law to pay her husband's "cure" because he was a seaman who fell ill while aboard the vessel. *Id.* at pp. 3-4.

ART opposed the instant motion contending, that Plaintiff's attempt to add the cure claim is untimely and that permitting the amendment would be prejudicial because trial is November 13, 2017. R. Doc. 63, p. 9.  ART also contends that Fairley has failed to provide good cause in her attempt to assert the cure claim after the deadline. *Id.*  Moreover, ART contends that Plaintiff failed to allege how a continuance will cure any resulting prejudice. *Id.*

There is no dispute, however, about the appropriateness of adding ART's liability insurer, Novae Corporate Underwriting Limited. *Id.* at p. 1.  During the hearing, ART confirmed that it did not oppose the addition of the liability insurer.  As such, the only issue in this matter is whether Plaintiff should be allowed to add a cure claim, which will be addressed below.

**II.     Standard of Review**

Generally, Federal Rule of Civil Procedure ("Rule") 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.*  In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d

2

987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)).  When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994).  An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

However, this liberal amendment policy is tempered when, as here, the mover has filed an untimely request to amend.  Rule 16(b)(4) requires that, in an instance such as this, the party present good cause for the late request, which will be more fully addressed below. Fed. R. Civ. P. 16(b)(4).

**III.   Analysis**

The remaining issue before the Court is whether the Plaintiff should be permitted to assert a general maritime law claim for "cure," where the deadline for doing so was March 29, 2017; however, the motion was filed on July 25, 2017, some four months late. R. Doc. 42.  Important to the case is the Plaintiff's allegation that the decedent's medical condition deteriorated during his service to the vessel.  As such, at the time the lawsuit was filed, Plaintiff knew of these facts, but failed to assert a cure claim.

 Plaintiff contends that leave to amend should be granted because it was not until July 27, 2017, that she received a subrogation notice from Blue Cross Blue Shield ("Blue Cross"), placing her on notice that it paid a total of $75,318.23 in benefits on her husband's behalf for the injuries she is seeking to recover in this lawsuit. R. Doc. 59-1.  Plaintiff alleges that the total amount of her

husband's medical bills were approximately $265,000, for which Blue Cross has a right of subrogration against the tort recovery.

Further, Plaintiff acknowledges that ART had denied her entitlement to recover for cure during an early settlement conference before the undersigned on January 9, 2017. R. Doc. 42-1, p. 4. Plaintiff contends that permitting the late addition of the cure claim would not affect the claim or result in prejudice to ART because enough time remains for them to prepare and additional discovery would not be required. *Id.* at p. 5. Plaintiff also suggests that a 30(b)(6) deposition of her husband's medical insurer would permit them to discover the information they need for trial. *Id.*

ART, in contrast, contends that Plaintiff's request to amend the complaint is being submitted some four months late. R. Doc. 63. ART confirms that, during the January 9, 2017, settlement conference, Plaintiff's counsel raised the issue of whether he had an ethical duty to advise Blue Cross of the litigation as well as the cure claim. *Id.* at p. 2. ART indicates that, after the conference, counsel for Plaintiff concluded that he needed to advise Blue Cross of the lawsuit and further expressed his intention to seek leave to amend the complaint to add a claim for cure. *Id.* ART points out that these acts occurred in February 2017, and the request for leave to amend was not submitted until July 25, 2017. *Id.*

There is no dispute that this motion is untimely. The only question is whether there is good cause to permit its filing, despite its untimeliness. To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *Royal Ins. Co. of Am. v. Schubert Marine Sales*, No. Civ. A. 02-0916, 2003 WL

4

21664701, at *2 (E.D. La. July 11, 2003) (citing *S&W Enterprises v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

First, Plaintiff does not present a reason for the late submission of her request to amend. Further, the facts do not support a good reason for the late request in light of (1) the issue surfaced during the January 9, 2017, settlement conference and (2) Plaintiff's counsel signaled in February 2017 that he intended to file a cure claim, but failed to so.

Second, the amendment is not important to the case. While it is true that Plaintiff could have filed a claim for cure, the absence of the claim would not prohibit Plaintiff from recovering the medical expenses that were incurred in connection with her husband's medical treatment. *See Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 19 (1963) ("[Under the Jones Act,] all lost earnings and medical expenses are recoverable on a negligence count . . . ."); *Boudreaux v. Transocean Deepwater, Inc.*, 641 F. App'x 328, 333 (5th Cir. 2016) ("[The] element of past medical expenses is inherent in . . . [Jones Act damages and maintenance and cure] . . . ."). Therefore, the cure claim is not important to Plaintiff's ability to recover her husband's medical expenses.

Third, considering that the request to amend was filed some three months before the end of the discovery deadline[1], ART would be prejudiced. It stands to reason that, in evaluating whether all of the $265,000 medical costs are associated with Mr. Fairley's condition that allegedly manifested itself during his service on the vessel, the medical records would have to be obtained and evaluated with the possibility of medical depositions to follow. Additionally, ART would have to determine if these conditions preexisted Mr. Fairley's service to the vessel and whether he

---

[1] The deadline set forth in the February 15, 2017, Scheduling Order for the completion of discovery is September 26, 2017. R. Doc. 22.

disclosed them before working for ART. It is the Court's position that ninety days is not enough time to conduct this work. Therefore, ART would be prejudiced.

Finally, continuance is not an issue with regards to Plaintiff's request to amend because, in the present Jones Act claim, Plaintiff is able to recoup the expenses associated with her husband's medical expenses. Given that a claim for cure is not necessary for Plaintiff to obtain relief, a continuance is not warranted.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Amend (R. Doc. 42)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS GRANTED** to the extent that Plaintiff seeks to add ART's liability insurer, Novae Corporate Underwriting Limited, as a direct action defendant.

**IT IS DENIED** to the extent that Plaintiff seeks to add a general maritime law claim for cure.

**IT IS FURTHER ORDERED** that Plaintiff shall file into the record an amended complaint consistent with this Order **no later than seven (7) days from the date of this order**.

New Orleans, Louisiana, this 20th day of September 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**