UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY FAIRLEY                                                        CIVIL ACTION

VERSUS                                                              NO. 16-3488

ART CATERING, INC., ET AL.                                          SECTION A(4)

## ORDER AND REASONS

The following motion is before the Court: **Motion for Partial Summary Judgment on the "*Manderson*" Issue (Rec. Doc. 101)** filed by plaintiff Mary Fairley. Defendant ART Catering, Inc. opposes the motion. The motion, noticed for submission on January 24, 2018, is before the Court on the briefs without oral argument.[1]

The late Mr. Ronnie Fairley was a Jones Act seaman employed by defendant ART Catering, Inc. in July and August 2015. Fairley was assigned to duties aboard the D/S TITANIUM EXPLORER. Fairley's last day on the vessel was August 7, 2015. On the night of August 7-8, 2015, Fairley presented at the emergency room with irregular heartbeat and labored breathing. He was diagnosed with right foot gangrene, cellulitis of the foot, and sepsis. From August 8, 2015 through August 22, 2015, the date of his death, Fairley's condition was grave and he remained hospitalized.

For purposes of this motion the Court accepts as true the pertinent facts as Plaintiff presents them: The medical bills associated with Fairley's illness were significant, approximately $520,000.00. At all relevant times Fairley was insured by a Blue Cross – Blue Shield of Louisiana ("BCBS") health insurance policy. The BCBS policy excludes coverage for any services covered by worker's comp

---

[1] Plaintiff has requested oral argument but the Court is not persuaded that oral argument would be helpful.

16-cv-3488 *Fairley v. ART Catering, Inc., et al.*
Plaintiff's MPSJ re: *Manderson* no. 101
Page 1 of 4

and/or rendered as a result of occupational injury.[2] All of the medical expenses associated with Fairley's August 2015 illness were paid by BCBS. BCBS had a bill reduction agreement with the health care providers so the bills were satisfied for $75,000.00. Therefore, the difference between the amount invoiced and the amount accepted is $445,000.00.

At all times relevant Art Catering was insured by a maritime employer's liability ("MEL") policy that covered all sums that Art Catering was legally obligated to pay, as an employer, for maintenance and cure arising out an employee's work-related injury.[3] Neither Art Catering nor its MEL insurer had a bill reduction agreement with Fairley's healthcare providers. Therefore, if ART Catering or its maritime insurer had paid Fairley's medical bills from August 2015, they would have been required to pay the entire billed amount of $520,000.00.

The sole issue presented by Plaintiff's motion for partial summary judgment is whether the Fifth Circuit's decision in *Manderson v. Chet Morrison Contractors, Inc.*, 666 F. 3d 373 (5th Cir. 2012), applies to this case. Plaintiff contends that it does not. Defendant contends that it does.

*Manderson* recognizes that the collateral source rule is a creature of tort law, and therefore is incompatible with the cure obligation, which is not fault-based. 666 F.3d at 381. Cure allows the seaman to recover only those expenses "actually incurred," in other words, the amount needed to satisfy his medical charges. *Id.* at 382 (citing *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1246 (5th Cir. 1994); *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002)). This applies whether the charges are incurred by a seaman's insurer on his behalf and then paid at a written-down rate, or incurred and then paid by the seaman himself, including at a non-discounted rate. *Id.* Insofar as the collateral

---

[2] Again, for purposes of this motion the Court accepts Plaintiff's contentions as true. The Court has not independently reviewed the BCBS policy.

[3] Again, for purposes of this motion the Court accepts Plaintiff's contentions as true. The Court has not independently reviewed the MEL policy.

16-cv-3488 *Fairley v. ART Catering, Inc., et al.*
Plaintiff's MPSJ re: *Manderson* no. 101
Page 2 of 4

source rule does apply to an award of cure, it is in the context where a seaman alone purchases medical insurance. *Id.* at 381. Where a seaman alone purchases medical insurance, the shipowner is not entitled to a set-off from the cure obligation for the funds that the seaman receives from his insurer. *Id.* The reasoning behind this exception is that the policy of protecting injured seamen would be hampered if a shipowner, in hopes of reducing his liability, delayed maintenance and cure in order to force a seaman to look first to his private insurer. *Id.*

The holding of *Manderson* is that even where the seaman purchases his own medical insurance, the appropriate amount for cure is the lesser amount of what the medical providers accept as full payment from the insurer—not the greater, undiscounted amount actually charged by the providers. *Id.* at 382.

Assuming that Fairley's medical expenses from August 2015 constituted cure,[4] *Manderson* directs that the cure award in this case would be limited to the $75,000.00 actually incurred for medical expenses, even if Fairley alone purchased the BCBS policy.[5] Per *Manderson*, cure in this case would not include the $445,000.00 of expenses that were written off under BCBS's agreements with the providers.

Plaintiff's position is that the *Manderson* holding should not apply because the wrong policy paid for the medical expenses. According to Plaintiff, BCBS had no obligation to pay Fairley's medical expenses because its work injury exclusion was triggered; meanwhile, ART Catering's policy covered work-related injuries and therefore should have paid the medical expenses totalling $520,00.00. According to Plaintiff, ART Catering and its MEL insurer should not reap the benefit of a $445,000.00

---

[4] ART Catering disputes that Fairley fell ill while in the service of the TITANIUM EXPLORER.

[5] According to ART Catering, the BCBS policy was issued through ART's Group Health Benefit Plan and ART Catering paid 57% of the premium. (Rec. Doc. 113-9, Contested IOF ¶ 3). Although a moot point, it is questionable whether it would be appropriate to consider this policy as one that Fairley purchased *alone,* which is a threshold requirement for treating the payments under the policy as a collateral source to the cure obligation.

16-cv-3488 *Fairley v. ART Catering, Inc., et al.*
Plaintiff's MPSJ re: *Manderson* no. 101
Page 3 of 4

windfall to the detriment of BCBS and the healthcare providers. Plaintiff contends that if the *Manderson* rule is not applied to her case, ART Catering will be far less likely in the future to allow the wrong insurer to pay for its cure obligations.

These arguments lack merit. Plaintiff cannot recover as a cure award the $445,000.00 that presumably would have been paid to the healthcare providers under the MEL policy because those expenses were not actually incurred. Plaintiff's only interest insofar as cure is concerned is to have the employer cover the medical expenses actually incurred. BCBS paid those expenses discounted to $75,000.00, and ART Catering satisfied the subrogation lien.[6] Plaintiff's position, which seeks to impose a punitive cure charge on ART Catering, is unsupported by any authority and wholly inimical to the nature of the cure obligation.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment on the "*Manderson*" Issue (Rec. Doc. 101)** filed by plaintiff Mary Fairley is **DENIED**.

February 5, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[6] ART Catering reached a settlement with BCBS on its subrogation claim. Plaintiff's contention, which is found in note 3 of her memorandum in support, that that BCBS owes her one-third of Art Catering's payment, is not an issue in this litigation because BCBS is not a party to this case.

16-cv-3488 *Fairley v. ART Catering, Inc., et al.*
Plaintiff's MPSJ re: *Manderson* no. 101
Page 4 of 4