UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY FAIRLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-03488** |
| **ART CATERING, INC. ET AL** | **SECTION: "A" (4)** |

## ORDER

Before the Court is a **Motion for Leave to File First Amended Complaint (R. Doc. 117)** filed by the Plaintiff Mary Fairley. The motion is opposed. R. Doc. 128. Oral argument was heard on February 7, 2018.

### I.   Background

The instant action was filed in the District Court on April 20, 2016, asserting claims under the Jones Act and general maritime law. R. Doc. 1. The Plaintiff alleges that during July and August of 2015 her husband, Ronnie Lee Fairley, was employed by Defendant ART Catering, Inc. ("ART") working as a laundry worker aboard the D/S Titanium Explorer, owned by Defendant Vantage Deepwater Drilling, Inc. ("Vantage") *Id.* at p. 2. During that time, the Plaintiff alleges that her husband became gravely ill and ART placed him on "no work" status. *Id.* She further alleges that Vantage failed to provide appropriate medical care. *Id.* at p. 3. Her husband's medical condition allegedly worsened into an acute infection in his leg while he was forced to remain aboard the Titanium Explorer for the duration of his twenty-eight (28) day schedule. *Id.* When he finally was transported ashore, the Plaintiff's husband was rushed to the Minden Medical Center. The infection allegedly had led to gangrene-related sepsis and the amputation of his right foot. *Id.* He died on August 22, 2015 allegedly because his septic condition caused acute respiratory failure.

On July 25, 2017, the Plaintiff filed a Motion for Leave to File First Amended Complaint. R. Doc. 42.  That motion sought to add ART's liability insurer as a direct action defendant and a

general maritime law claim for cure. On September 20, 2017, this Court granted the motion with respect to the addition of ART's liability insurer but denied the motion to the extent it sought to add a general maritime law claim for cure. R. Doc. 67. On August 25, 2017, the Plaintiff filed a new complaint in Case No. 18-08275 asserting a general maritime law claim for cure as well as a claim for punitive damages. R. Doc. 1, No. 17-08275. On September 25, 2017, the general maritime cure and punitive damages claims were consolidated with the originally filed case. R. Doc. 12, No. 17-08275.

Consequently, a motion for partial summary judgement was filed by ART on January 16, 2018, who moved for summary judgment dismissing the general maritime cure claim, the punitive damages claim, and the attorney's fees. R. Doc. 111. On January 23, 2018, Plaintiff filed a Motion for Leave to File First Amended Complaint to amend the general maritime cure portion of the case in No. 17-8275. R. Doc. 117. Plaintiff also filed an opposition to the summary judgement on the cure, punitive damages, and attorney's fees claims which includes a reference to the amendment by stating that it limits the punitive damages and attorney's fees claims to ART's failure to provide prompt medical care in order to address the summary judgement. R. Doc. 118. In that opposition Plaintiff indicates that the cure claim is only for a breach of duty to provide prompt medical care. *Id.* at p. 12.

Currently before this Court is Plaintiff's Motion for Leave to File First Amended Complaint. R. Doc. 117. Plaintiff argues that this amended complaint clarifies the cure claim as well as better states why punitive damages and attorney's fees are claimed. R. Doc. 117-1. The motion is opposed and ART argues that: (1) the changes are not based on applicable law; (2) add "cherry-picked" fact witness testimony; (3) alleges a complaint against a non-party; and (4) is prejudicial. R. Doc. 128.

## II.     Standard of Review

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.*  In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)).  When denying a motion to amend, the court must have a "substantial reason," considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994).  An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

## III.    Analysis

The District Court issued minute entry establishing that amendment to pleadings shall be completed by January 31, 2018. R. Doc. 93. Plaintiff filed the instant motion on January 23, 2018, before the deadline established by the District Court. Therefore, the motion for leave to amend is timely and requires only a Rule 15(a) analysis as to whether leave should be granted. However,

3

the Court notes that Plaintiff's motion does not address the Rule 15(a) factors that Court's should consider when evaluating a timely motion to amend.

The first factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the amendment will cause an undue delay, is in bad faith, or that the movant has some dilatory motive in filing the motion. The Fifth Circuit has stated that "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Further, the Fifth Circuit has indicated that "delay alone is an insufficient basis for denial of leave to amend: The delay must be *undue,* i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

The Court finds no undue delay, bad faith, or dilatory motive in the filing of this motion. This case is currently set for trial on November 5, 2018. Discovery is on-going and pursuant to the District Court's current scheduling order shall be completed by May 31, 2018. R. Doc. 93. There is no indication that this amendment will create any delay in the resolution of this litigation. As the Plaintiff indicated, the purpose of the amendment is not to assert a completely new claim, but to clarify the cure claim that is in dispute. As such, the Court finds the first factor weighs in favor of amendment.

The second factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the party has previously filed repeated amendments to cure deficiencies before filing the instant motion. Courts in the Fifth Circuit have found that where a party has been given multiple opportunities to cure a defect, denial of a Rule 15(a) motion

4

is proper. *See, e.g., Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint).

In its opposition, Defendant argues that Plaintiff has filed two suits and three amendments based on the events and medical treatment of August 2015. R. Doc. 128, p. 2. ART further states that these filings are incessant and unnecessary. *Id.*

With respect to the cure claim, this filing is the first attempt to address any deficiencies in the complaint stemming from Case No. 17-08275, the cure claim, which was filed in response to this Court's partial grant and denial of a motion to amend in Case No. 16-03488. R. Doc. 67. Because the Court finds that this is the first attempt to fix any problems with the Plaintiff's cure claim in this consolidated litigation, the second factor weighs in favor of amendment.

The third factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause any undue prejudice to the opposing party. The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *In re American International Refinery, Inc.,* 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid); *Mayeaux,* 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruc[ed] the case anew."). Further, the Fifth Circuit has noted that a defendant is prejudiced if an added claim would require that the defendant, "reopen discovery and prepare a defense for a claim different from the [one]…that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596

(5th Cir. 2004) (quoting *Duggins v. Steak'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

Defendant states that Plaintiff is attempting to increase the cost of the case and the amendment is prejudicial because it will impact the ability to obtain a resolution on their currently pending motion for summary judgement. Defendant further states that the Plaintiff should not be able to add a new theory to the case for no reason. R. Doc. 128, p. 2.

The Court does not find any undue prejudice from the filing of the motion. The Plaintiff's proposed amendments do not fundamentally alter the case, nor is there a need to reopen discovery as it is on-going, nor prepare for a claim that is different than what is before the Court already. These amendments do not restructure the case, rather they are meant to clarify the cure claim. Both in their opposition and at oral argument ART argued that prejudice would result from this amendment because it would impact the summary judgement motions before the District Court. While the amendments may impact the resolution of those motions, that does not constitute prejudice per se. Therefore, the Court finds that the third factor weighs in favor of amendment.

The fourth factor the court considers when determining whether or not to grant leave to file an amendment pursuant to Rule 15(a) is whether the amendment and potential new claims are futile.

With respect to the content of the instant motion, Plaintiff seeks to amend Paragraphs 10 and 11 of the original complaint to add specific statements to support the theory of the case. Plaintiff seeks to amend Paragraph 45 to allege that defendant paid the subrogation claim, which would not have been paid absent the lawsuit, and Plaintiff is entitle to a one-third fee on the amount paid. Plaintiff seeks to amend Paragraph 52 and 54 to state that Defendant "did not provide prompt medical care", instead of "did not provide 'cure'." Plaintiff seeks to amend paragraph 53 to state Defendant and its maritime liability insurer were legally obligated to pay $520,116.59 minus a set-

off of whatever amount was paid to Blue Cross. Plaintiff seeks to amend Paragraph 55 to state that had prompt medical care been provided it's medically more likely than not Mr. Fairley would not have died, and includes statements indicating that the Defendant was aware of Mr. Fairley's illness. Next, Plaintiff seeks to amend Paragraph 57 to change failure to provide cure, to read "knowing and willful failure to provide prompt medical care." Finally, Plaintiff seeks to amend Paragraph 58 to add a claim for general and special damages.

Defendant argues that Plaintiff is amending to add "cherry-picked" portions of fact testimony and seeks to amend the amount of cure based on inapplicable law. R. Doc. 128, pp. 2-3 Defendant states that Plaintiff admits that the amendment seeks to allege punitive damages and attorney's fees for a failure to pay cure while admitting cure was paid. *Id.* Defendant also opposes the motion on the ground it alleges a claim against a non-party. *Id.* Finally, defendant opposes the motion because it seeks general damages for maintenance and cure which it argues are not available since it is a contractual remedy. *Id.* at p. 4.

The Court first notes that the District Court issued an order on February 5, 2018 with respect to the Fifth Circuit's holding in *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373 (5th Cir. 2012) and its relation to the case in which the District Court denied the Plaintiff's motion for partial summary judgment as to that issue. R. Doc. 132. This ruling, therefore, makes Plaintiff's proposed amendment to Paragraph 53 futile and that amendment shall not be permitted.

Proposed amended Paragraph 45 seeks to add a non-party to the case, Blue Cross, in which Plaintiff seeks to recover attorney's fees to the amount of one-third of what was paid to Blue Cross by ART. Plaintiff relies on *Barreca v. Cobb*, 668 So.2d 1129 (La. 1996), for this proposition. In *Barreca*, the plaintiff was injured in a car accident, Blue Cross paid $15,360.91 in medical expenses, plaintiff filed suit against the vehicle owner and insurers, Blue Cross was notified of the

pendency of the suit, chose not to intervene, and the suit was subsequently settled by the plaintiff for $69,000.00. Plaintiff's counsel then notified Blue Cross of the settlement and the intent to reimburse Blue Cross the amount of medical expenses minus the one-third contingent attorney fee. The Louisiana Supreme Court held that because Blue Cross received notice and chose not to intervene it was required to pay a proportionate share of recovery costs. That case is, therefore, easily distinguishable from the instant action. In our instant case, Blue Cross was paid the total amount of medical expenses, $75.318.23, by the Defendant. There is not a settlement in the instant case by Plaintiff's attorney and Defendant. A claim for attorney's fees for a payment by Defendant directly to Blue Cross is different than the obtaining of a settlement by Plaintiff's counsel. As such, the proposed amendment to Paragraph 45 shall not be included.

The proposed amendment to Paragraph 58, the prayer, sub-parts A and B are shall also be excluded from amendment. The District Court's holding regarding the *Manderson* issue makes sub-part B futile. In addition, during oral argument Defendant stated that sub-part A should be excised as well, to which Plaintiff's counsel agreed, therefore making the motion moot as to sub-part A. The Court finds that the remainder of amended Paragraph 58 is not futile and those amendments shall be allowed.

Finally, proposed amendment to Paragraphs 10, 11, 54, 55, and 57, are not futile as they seek to add specific fact-witness testimony to support the clarified claims as well as specify the basis upon which Plaintiff is seeking recovery for punitive damages and attorney's fees as part of the claim. Therefore, the fourth factor weighs in favor of amendment with respect to these paragraphs.

As a result, the Court finds that the factors weigh in favor of amendment. Plaintiff shall amend the complaint with respect to the above listed paragraphs and file an amended complaint

that complies with this order into the record no later than five (5) days from the signing of this order.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Leave to File First Amended Complaint (R. Doc. 117)** is **GRANTED in PART** and **DENIED in PART**.

The motion is **GRANTED** with respect to the amendments of Paragraphs 10, 11, 52, 54, 57, and 58 sub-parts C and D. It is **DENIED** with respect to paragraphs 45, 53, and 58 sub-parts A and B.

**IT IS FURTHER ORDERED** that the Plaintiff shall filed into the record the amended pleading that complies with the Court's order no later than five (5) days from the signing of this order.

New Orleans, Louisiana, this 15th day of February 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**