UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| MARY FAIRLEY, Personal Representative | CIVIL ACTION |
|---|---|
| VERSUS | NO: 16-3488 C/W 17-8275 |
| ART CATERING, INC. and VANTAGE DEEPWATER DRILLING, INC. | SECTION: "A" (4) |

## ORDER

Before the Court is the **Motion to Fix Attorney's Fees (R. Doc. 164)**. The motion is opposed. R. Doc. 168. The motion was heard on the briefs.

### I. Factual Summary

The instant action was filed in the District Court on April 20, 2016, asserting claims under the Jones Act and General Maritime Law. R. Doc. 1. The Plaintiff alleges that during July and August of 2015 her husband, Ronnie Lee Fairley, was employed by Defendant ART Catering, Inc. ("ART") as a laundry worker aboard the D/S Titanium Explorer, owned by Defendant Vantage Deepwater Drilling, Inc. ("Vantage") *Id.* at p. 2. During that time, the Plaintiff alleges that her husband became gravely ill and ART placed him on "no work" status. *Id.* She further alleges that Vantage failed to provide appropriate medical care. *Id.* at p. 3. Her husband's medical condition allegedly worsened into an acute infection in his leg while he was forced to remain aboard the Titanium Explorer for the duration of his twenty-eight (28) day schedule. *Id.* When he finally was transported ashore, the Plaintiff's husband was rushed to the Minden Medical Center. The infection allegedly had led to gangrene-related sepsis and the amputation of his right foot. *Id.* He died on August 22, 2015, allegedly because his septic condition caused acute respiratory failure.

On February 5, 2018, Mary Fairley filed a Motion to Compel Production of the Excess Liability Insurance Policy, which was granted by the undersigned on March 16, 2018. R. Doc. 163.

Plaintiff requested and that Court ordered that the Defendant pay the reasonable expenses incurred in bringing the motion, including attorney's fees. *Id.* The Plaintiff was ordered to provide contemporaneous billing records along with proof of the reasonable billing rate. *Id.* The Plaintiff filed the instant motion to fix attorney's fees on April 4, 2018. R. Doc. 164.

ART opposes the motion contending that: (1) the underlying motion to compel was filed without conducting a Rule 37 discovery conference and after the motion was filed the excess policy was immediately produced; (2) Plaintiff's counsel has failed to provide adequate proof of his reasonable hourly rate; and (3) the amount sought is excessive and unreasonable.

## II.     Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

---

[1] The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**III.   Analysis**

    **A. Reasonableness of the Hourly Rate**

Attorney's fees must be calculated at the "prevailing market rates in the relevant community" for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and

lower rates should be charged for routine work requiring less extraordinary skill and experience).

Plaintiff has attached the affidavit of her attorney, Richard Martin, Jr., which indicates that he is a 1980 graduate of Tulane University Law School, served as a law clerk to a federal judge, and has practiced law for 38 years. R. Doc. 164-2. He attests that he is admitted to practice before the U.S. Supreme Court, various federal appeals courts, and is a member of several bar associations. *Id.* Martin states that he has handled several notable maritime cases and has served on the Board of Governors for the Louisiana Association for Justice. *Id*. He does not state what his regular hourly rate is. Instead, he directs the court to surveys by the National Law Journal of rates charged by the largest law firms in this area, and which indicate an hourly rate range for partners of $240-425 (Adams and Reese), $225-620 (Jones Walker), and $170-450 (Phelps Dunbar). R. Doc. 164-3. Presumably, Martin seeks a partner's rate from one of the ranges provided by the surveys.

ART contends that the billing rate for its counsel is $220.00 per hour. R. Doc. 168. The Court finds that ART, therefore, contends that a rate of $220.00 per hour is reasonable.

Satisfactory evidence of the reasonableness of the rate, at a minimum, is more than the affidavit of the attorney performing the work. *Norman*, 836 F.2d at 1299 (citing *Blum,* 465 U.S. at 896 n .11)). It must also speak to rates actually billed and paid in similar lawsuits. Thus, mere testimony that a given fee is reasonable is not satisfactory evidence of market rates. *See Hensley,* 461 U.S. at 439 n. 15. The Court finds that Plaintiff's counsel's affidavit is insufficient. However, considering that the rate charged by opposing counsel in this case is $220.00 per hour, the Court finds that this rate is reasonable.

## B. Determining the Reasonable Hours Expended

Plaintiff's counsel contends an award of reasonable attorney's fees is due, however, he does not provide a contemporaneous billing sheet because he normally works on a contingent fee basis. Plaintiff's counsel did submit a declaration containing a description of the work performed, including what discovery requests were propounded, as well as efforts to secure the production in an attempt to recover for work beyond the subject motion. R. Doc. 164-2. The Court will only consider the reasonable hours spent in preparing and filing the motion to compel, but will not consider the time spent attempting to secure the production.

ART contends that the four hours spent on preparing the motion to compel is excessive because this matter only involved a single request for a policy that was produced upon the filing of the motion to compel. ART further contends that had Plaintiff's counsel conducted a discovery conference then the need for the motion would have been eliminated.

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of billing judgment. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not billed properly to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage

and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

In reviewing the underlying motion, the Court notes that the Plaintiff provided a supporting memorandum of five pages detailing not only the request propounded, but also ART's responses. The memorandum also provides a chronology of email exchanges. Most notably, while counsel for ART now says that it just needed a reminder that the excess policy had not been produced, the actual communications clearly indicate that the policy was not produced as a result of a strategy decision because "it should not come into play." R. Doc. 130-4. While no cases were cited, the Court finds that four hours is reasonable for locating and summarizing the email communications, finding the appropriate language from Blue Cross of Louisiana's telephone notes, and drafting, reviewing, and filing the motion. Therefore, the Court finds that an award of $880.00 is reasonable.

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

### IV. <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that the **Motion to Fix Attorney's Fees (R. Doc. 164)** is **GRANTED** and that the Plaintiff is awarded reasonable attorney's fees in the amount of **$880.00**.

**IT IS FURTHER ORDERED** that Defendant, ART Catering, Inc. and its counsel shall satisfy their obligation to the Plaintiff **no later than twenty-one (21) days** after the signing of this order.

New Orleans, Louisiana, this 6th day of August 2018.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**